**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Plymouth Beef Co., Inc. | |
| Plaintiff, | Civ. Action No. 1:20-cv-4029 |
| v. | **COMPLAINT** |
| Wonder Food Distributors, David Hamedan, Jack Hamedan, Nations Best Meat Wholesalers, Inc., James Hyland and Guy Robinson, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Plymouth Beef Co., Inc. ("Plaintiff"), by and through its attorneys, Foley &
Lardner LLP, as and for its Complaint against defendants Wonder Food Distributors, David
Hamedan, Jack Hamedan, Nations Best Meat Wholesalers, Inc., James Hyland and Guy
Robinson ("Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of Plaintiff's trademark PLYMOUTH and its
federally-registered trademark, PLYMOUTH and Design, and the distinctive package design (or
trade dress) of Plaintiff's ground beef products, arising under Section 32(1) of the Lanham Act,
15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a), for substantially related claims of trademark
infringement and unfair competition under the statutory and common law of the State of New
York, and for tortious interference with economic relations, all arising from the Defendants' use
of the identical name PLYMOUTH and a package design copying Plaintiff's package design and

associated trade dress, in connection with the production, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' ground beef products.

## PARTIES

2.      Plaintiff Plymouth Beef Co., Inc. ("Plymouth") is a New York corporation with a principal place of business at 355 Food Center Drive, Bronx New York 10474.

3.      Upon information and belief, Defendant Wonder Food Distributors ("Wonder") is an unincorporated business operating from a principal place of business at 5710 Flushing Ave, Maspeth, NY 11378.

4.      Upon information and belief, Defendant David Hamedan is a principal owner of Wonder, with an address c/o Wonder, and together with Defendant Jack Hamedan, was responsible for the conduct of Wonder complained of herein.

5.      Upon information and belief, Defendant Jack Hamedan is a principal owner of Wonder, with an address c/o Wonder, and together with Defendant David Hamedan, was responsible for the conduct of Wonder complained of herein.

6.      Upon information and belief, Defendant Nations Best Meat Wholesalers, Inc. ("Nation's Best") is a New York corporation having a principal place of business at D-7 Hunts Point Cooperative, The Bronx, NY 10474.

7.      Upon information and belief, Defendant James Hyland ("Hyland") is a principal owner of Nation's Best, with an address c/o Nation's Best, and together with Defendant Guy Robinson, was responsible for the conduct of Nation's Best complained of herein.

2

8.     Upon information and belief, Defendant Guy Robinson ("Robinson") is a principal owner of Nation's Best, with an address c/o Nation's Best, and together with Defendant James Hyland, was responsible for the conduct of Nation's Best complained of herein.

## JURISTICTION AND VENUE

9.     This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1051, et seq., and because the state law claims are so related to the federal claims that they form part of the same case or controversy.

10.     This Court has personal jurisdiction over Defendants under New York Civil Practice Law and Rules §§ 301 and/or 302(a) because Defendants' place of incorporation and principal place of business is New York and because Defendants have transacted business in New York and have supplied or offered to supply goods in New York in connection with matters giving rise to this suit.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND OF PLAINTIFF AND THE TRADEMARKS AT ISSUE

12.     For over fifty years, Plymouth has been distributing, offering for sale, and selling high quality, USDA-certified ground beef and burger patties in the United States under the name PLYMOUTH or PLYMOUTH BEEF.

13.     Plymouth Beef is the owner of United States Registration Number 2,057,070 for the mark PLYMOUTH BEEF CO. and Design as follows, for "meat," claiming using since at least as early as 1963, and said registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.



14.     As a result of its widespread, continuous, and exclusive use of the name PLYMOUTH to identify its goods and Plymouth as their source, Plymouth owns valid and subsisting rights to the PLYMOUTH trademark, alone and in combination with other elements, since long prior to the acts of Defendants complained of herein.

15.     For at least twenty years, Plymouth has been selling high quality, USDA-certified ground beef and burger patties in the United States in distinctive red, white and blue packaging (the "PLYMOUTH Trade Dress") as follows:

4



16.     As marketed at retail, the product is usually stacked in refrigerator cases as follows, with the side label facing the consumer:



4839-0181-1644.1

17.     As a result of its widespread, continuous, and exclusive use of the PLYMOUTH Trade Dress to identify its goods, Plymouth owns valid and subsisting rights to the PLYMOUTH Trade Dress since long prior to the acts of Defendants complained of herein.

18.     The distinctive design of the PLYMOUTH Trade Dress has no inherent meaning, and the PLYMOUTH Trade Dress is therefore inherently distinctive in identifying Plymouth's products.

19.     Plaintiff's ground beef products sold under the PLYMOUTH trademark and PLYMOUTH Trade Dress have been enormously successful, generating sales annually of approximately $15 million or more.

## DEFENDANTS' UNLAWFUL ACTIVITIES

20.     Upon information and belief, Defendant Wonder is owned and operated by Defendants David and Jack Hamedan and other family members.

21.     Upon information and belief, Defendants are engaged in the distribution, offering for sale, and selling of meat, including ground beef and burger patties.

22.     Upon information and belief, Defendants David and Jack Hamedan directed and were responsible for the conduct of Wonder complained of herein.

23.     Upon information and belief, Defendant Nation's Best is engaged in the producing and offering for sale various meat and meat products, including ground beef and burger patties.

4839-0181-1644.1

24.     Upon information Defendants Hyland and Robinson are owners of Defendant Nation's Best and directed and were responsible for the conduct of Wonder complained of herein.

25.     Without Plymouth's authorization, and beginning long after Plymouth acquired protectable and exclusive rights in its PLYMOUTH Trademark and  PLYMOUTH Trade Dress Defendants commenced the production, distribution, advertising, promotion, offering for sale, and sale of their ground beef and burger patties in a trade dress that closely approximates Plaintiff's package design, as follows, which it has specifically identified to customers using Plaintiff's name PLYMOUTH:



26.     Increasing the likelihood of confusion caused by Defendants' copying of the PLYMOUTH Trade Dress is the fact that the products are placed on sale with only the side facing out to the consumer, as follows:

4839-0181-1644.1



27.    On information and belief, because Defendants have promoted their accused product to customers by identifying it under the name PLYMOUTH, those retail customers identify Defendants' accused product in retail displays under the name PLYMOUTH, which name appears on the green stickers this retailer used to identify the accused products.

28.    Not only have retailers carrying the accused products displayed them under the name PLYMOUTH, as shown above, but such retailers have also specifically invoiced the infringing product to customers under the name PLYMOUTH.

29.    Such conduct of promoting Defendants' accused product under the name PLYMOUTH constitutes passing off.

8

30.     Defendants Wonder and Jack and David Hamedan commenced their unlawful conduct after repeatedly requesting from Plymouth permission to distribute its PLYMOUTH hamburger meat in its distinctive red, white and blue packaging, which requests Plymouth consistently declined.

31.     Upon information and belief, Defendants had actual knowledge of the PLYMOUTH Trademark PLYMOUTH Trade Dress and adopted the infringing package design and use of the PLYMOUTH trademark with a specific intent to trade upon the reputation of and goodwill in Plymouth's name and mark and trade dress.

32.     Defendants' conduct as aforesaid is likely to cause confusion among consumers and to mislead as to the source and quality of their products, is likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Plymouth, and divert potential sales of Plymouth's goods to the Defendants.

33.     Defendants have used the accused products as a means to establish relationships with Plaintiff's customers and to continue to make sales derived from such initial infringing conduct at the expense of Plaintiff.

34.     Defendants' acts have caused, and unless restrained, will continue to cause damage and immediate irreparable harm to Plymouth and to its valuable reputation and goodwill with the consuming public for which Plymouth has no adequate remedy at law.

4839-0181-1644.1

## COUNT I

### Federal Trademark Infringement Under 15 U.S.C. § 1114(1)

35.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 34 hereof, as though fully set forth herein.

36.     Defendants' unauthorized use in commerce of the name PLYMOUTH as alleged herein has been and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, has caused and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plymouth, or that Defendants are in some way affiliated with or sponsored by Plymouth. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

37.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plymouth's prior rights in the PLYMOUTH trademark and with the willful intent to cause confusion and trade on Plymouth's goodwill.

38.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and its distributors, and to Plaintiff's goodwill and reputation, and will continue to both damage Plymouth and confuse the public unless enjoined by this court.  Plymouth has no adequate remedy at law.

39.     Plymouth is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

4839-0181-1644.1

## COUNT II

### Unfair Competition Under 15 U.S.C. § 1125(a)

40.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 39 hereof, as though fully set forth herein.

41.     Defendants' unauthorized use in commerce of the name PLYMOUTH and the the accused trade dress as alleged herein has been and is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plymouth, or that Defendants are in some way affiliated with or sponsored by Plymouth.

42.     Defendants' unauthorized use in commerce of the name PLYMOUTH and the accused trade dress as alleged herein constitutes use of a false designation of origin.

43.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plymouth.

44.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plymouth and its distributors, and to Plaintiff's goodwill and reputation, and will continue to both damage Plymouth and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

4839-0181-1644.1

46.     Plymouth is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

### Deceptive Practices and Acts Under New York GBL § 349

47.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 46 hereof, as though fully set forth herein.

48.     The aforesaid acts of Defendants constitute deceptive acts or practices in the conduct of business, trade, or commerce in New York State in violation of Section 349 of the New York General Business Law.

49.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## COUNT V

### Common Law Trademark Infringement and Unfair Competition

50.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 49 hereof, as though fully set forth herein.

51.     Defendants' unauthorized use in commerce of the PLYMOUTH trademark and the accused trade dress as alleged herein has been and is likely to confuse and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause

4839-0181-1644.1

consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plymouth, or that Defendants are in some way affiliated with or sponsored by Plymouth.

52.     The aforesaid conduct of the Defendants constitutes the infringement of Plymouth's common law rights in the PLYMOUTH Trademark and PLYMOUTH Trade Dress and unfair competition in violation of the common law of the State of New York.

53.     Defendants' aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## COUNT VI

### Common Law Tortious Interference With Economic Relations

54.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 53 hereof, as though fully set forth herein.

55.     Plaintiff has long enjoyed successful relationships with its customers throughout the United States and in New York, and is able to enter into relationships with new customers due in no small part to the goodwill that it has accumulated through the years.

56.     Defendants' conduct has interfered with Plaintiff's existing and prospective relationships with customers and constitutes tortious interference with economic relations.

57.     Defendants knew of Plaintiff, the goodwill it has accumulated with customers, and the existing and prospective relationships Plaintiff has with its customers.

13

58.     Upon information and belief, Defendants' deliberate, unfair, and improper use of the PLYMOUTH name and the accused products as a means to establish relationships with Plaintiff's customers and to take business from Plaintiff's established customers has been and is intended to interfere with Plaintiff's existing and potential relationships with such customers.

59.     Defendants' tortious interference with Plaintiff's economic relationships has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

60.     As a direct and proximate result of Defendants' tortious interference with Plaintiff's economic relationships, Plaintiff has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from using the name or mark PLYMOUTH or the infringing trade dress, or any other names or marks or trade dress that is likely to cause confusion, to cause mistake or to deceive with respect to the PLYMOUTH trademark or the PLYMOUTH Trade Dress, from otherwise infringing PLYMOUTH trademark or the PLYMOUTH Trade Dress, or from competing unfairly with Plaintiff.

2.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in

14

active concert and participation with any of the foregoing persons and entities who receive actual

notice of the Court's order by personal service or otherwise from further acts of tortious

interference with Plaintiff's economic relations.

3. Awarding Plaintiff all damages to and costs incurred by it because of Defendants'

infringing activities and other conduct complained of herein, jointly and severally, in an amount

to be determined at trial but believed to be in excess of $10 million, together with all profits of

Defendants.

4. Awarding Plaintiff an amount up to three times the amount of its actual damages,

in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

5. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate

to deter any future willful infringement.

6. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham

Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. §

1117(a)).

7. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on

the foregoing sums.

8.      Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. Rule 38, Plaintiff requests a trial by jury of any issues so triable by right.

Dated:    May 26, 2020                      Respectfully submitted,

                                            /s/ Jonathan Moskin
                                            Jonathan E. Moskin
                                            FOLEY & LARDNER LLP
                                            90 Park Avenue
                                            New York, New York 10016
                                            Telephone:  212-682-7474
                                            E-mail:jmoskin@foley.com

                                            *Attorneys for Plaintiff*
                                            *Plymouth Beef, Inc.*

16